Nov. Term, 1839.

JARRATT v. GWATHMEY.

---

JARRATT and Another *v.* GWATHMEY.

5b 237
135 313

If an officer, acting under a legal warrant, abuse his authority, he becomes a trespasser *ab initio.*

Trespass does not lie against a constable for merely taking too much property under an execution; the remedy for such injury being an action on the case.

Nov. Term,    If an officer justify in trespass, under a legal warrant, an act' relied on to
   1839.       make him a trespasser *ab initio* should be new assigned.

JARRATT
   v.              APPEAL from the *Putnam* Circuit Court.
GWATHMEY.
                SULLIVAN, J.— The plaintiff below brought an action of
*Saturday,*    trespass against the defendants for breaking and entering his
*November* 30. close, and carrying away his goods. The defendants pleaded
               the general issue, with leave to give the special matter in
               evidence. The jury returned a verdict for the plaintiff. A
               motion for a new trial was overruled by the Circuit Court.
               Judgment on the verdict, and appeal to this Court.

               The facts of the case as stated in a bill of exceptions, are,
               that *Jarratt,* who was a constable of the township in which
               the appellee resided, accompanied and assisted by *Wilson,*
               entered the store-house of the appellee, and by virtue of two
               executions then in his hands, amounting to about the sum
               of 160 dollars, levied upon goods belonging to the appellee
               worth between 1,200 and 1,500 dollars; that at the time of
               the levy, *Gwathmey* was absent, and the store-house and
               goods were in the possession of his clerk; that on the day
               after the levy was made, the officer proposed removing the
               goods, but the clerk remonstrated against the removal during
               the absence of his employer, in consequence of which the
               officer left the goods in the store-house, locked the door,
               and took possession of the key. A few days thereafter, he
               returned for the purpose of removing the property levied
               on, and attempted to get into the house through the door,
               but found it barred with iron. On the refusal of the clerk
               to remove the bar, he entered by breaking a window, and
               removed the goods.

               It further appears, that after the levy and before the sale
               on the two executions above named, other executions against
               the goods of the appellee, amounting to 300 dollars or there-
               abouts, were delivered to *Jarratt,* which were also levied
               on the goods already in his possession. Before the sale, an
               offer was made by the appellee to enter into a delivery-bond
               with security, in the amount of the two executions first
               issued, provided the officer would release all the goods, but
               he refused to do so on the terms proposed. So much of
               the goods as were necessary to satisfy the executions in the
               hands of *Jarratt,* were sold by him at public vendue, and the

residue were levied on by the sheriff of the county, to satisfy an execution that had issued from the Circuit Court. It appears that the sale was duly advertised; that it was fair and regular; and that the money arising from the sale of the goods, was applied to the payment of the judgment against the appellee.

, The following instruction, amongst others, was asked by the defendants' counsel, and refused by the Court, viz., that in the case of too much property being levied on, trespass on the case, and not trespass, is the proper remedy.

If an officer, acting under a legal warrant, abuses his authority, he becomes a trespasser *ab initio.* This principle is conceded on all hands. But every irregularity is not such an abuse, as makes the officer a trespasser from the beginning. The nature of the irregularity must determine the form of action. As where a landlord, who, on making a distress for rent, turned the tenant's family out of possession, and continued in possession of the premises after the rent was paid, trespass was held to lie. *Etherton* v. *Popplewell,* 1 East, 139. And where a landlord continues in possession of the goods distrained, or keeps a distress on the premises for an unreasonable time, trespass may be maintained. *Winterbourne* v. *Morgan et al.,* 11 East, 395. — *Griffin* v. *Scott,* 2 Ld. Raym. 1424. Or if a man having distrained raw hides, tan them, or having distrained a beast damage feasant, kill or use it, or if he convert property distrained to his own use, he becomes a trespasser *ab initio.* *Dye* v. *Leatherdale,* 3 Wils. 20. — *Duncomb* v. *Reeve,* Cro. Eliz. 783. But all the authorities agree in saying, that trespass will not lie for an excessive distress merely. In *Lynne* v. *Moody,* 2 Str. 851, the plaintiff brought trespass for taking an excessive distress. It was held that trespass would not lie, because the first entry was lawful, and there was nothing subsequent to make it a trespass, as there would have been, had the distress been abused. In a subsequent case, *Hutchins* v. *Chambers et al.,* 1 Burr. 590, the authority of that case was acknowledged, and the law was said to be established, that a general action of trespass could not be maintained for taking an excessive distress. An action of trespass was brought against an officer, acting under a legal warrant, for

breaking and entering the plaintiff's close, and carrying away his property, for the purpose, as was alleged, of extorting money from the plaintiff under the terror and oppression of an excessive distress, but it was decided that trespass would not lie. *Crowther* v. *Ramsbottom et al.*, 7 T. R. 650. See, also, *Shorland* v. *Govett*, 5 B. & C. 485.

We are therefore of opinion, that where an excessive levy merely is the abuse complained of, the officer is not a trespasser *ab initio ;* and that the party injured must seek his remedy by action on the case.

Where an officer, in an action of trespass brought against him, justifies under a legal warrant, the particular act which makes him a trespasser *ab initio* should be new assigned. In this case, there is no special pleading, and we do not know but that the excessive levy was the irregular act, on account of which the jury found the defendants guilty of a trespass. The refusal of the Court to give the instruction asked may have misled the jury, and the judgment must be reversed (1).

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*T. A. Howard, C. P. Hester*, and *M. Hulett*, for the appellants.

*A. Kinney* and *J. Cowgill*, for the appellee.

(1) There are some replications which rather partake of the nature of new assignments than are properly and strictly so; as where the defendant abuses an authority or license which the law gives him, by which he becomes a trespasser *ab initio*. In an action brought for a trespass thus committed, where the defendant pleads the license or authority, the plaintiff may reply the abuse. 1 Will. Saund. 300 *d*, note.—1 Chitt. Plead. 671.