WILSON and Others *v.* WHITSELL and Others.

HIGHWAYS.—It is not necessary, under our statute, that the persons re- monstrating against the location, vacation, or change of a highway, should reside immediately on the line of the highway to be located, vacated, or changed, but it is enough if they reside in the vicinity, or within such reasonable distance thereof that they would be affected thereby, in their convenience of travel, or otherwise.

SAME—PRACTICE.—Where a remonstrance against the location, change, or vacation of a highway, has been received and acted upon by the board of commissioners, without objection, it is too late, after the case has been taken by appeal to the Circuit Court, to object that the remonstrants were not persons residing along the proposed highway.

SAME.—The viewers appointed to review a proposed change in a highway, against which a remonstrance had been filed, reported in favor of the proposed change, provided the petitioners would, at their own cost, put the new route in as good condition as the old, otherwise against the change. The board of commissioners thereupon ordered that when the condition mentioned in the report of the viewers should be complied with, the new route would be established as a public highway. At a subsequent session of the board, one of the original petitioners filed his petition, alleging that the condition had been complied with, and asking that the new route be accepted and established, and, thereupon, the board ordered that the new route be established and kept in repair as a public highway. Within thirty days after this last order, the remonstrants appealed to the Circuit Court.

*Held,* that the appeal was taken in time.

*Held,* also, that the viewers had no authority to make their report in favor of the utility of the road dependent upon the opening of the road by the petitioners.

APPEAL from the *Howard* Circuit Court.

ELLIOTT, C. J.—The appellants filed a petition before the Board of County Commissioners of *Tipton* county, at the *December* term, 1860, praying that the road leading from *Tipton* to *Windfall,* in *Tipton* county, and thence to *Jerome,* in *Howard* county, be so changed as to run as follows: "Beginning at the point where said road crosses the *Peru & Indianapolis Railroad,* thence in an easterly direction, parallel with the southern boundary of the Indian reserve, to land owned by *Evans & Bro.,* thence north along the line dividing the lands of *Evans & Bro.*

and *Joseph W. Wilson,* to said *Tipton, Windfall* and *Jerome* road." Viewers were duly appointed to examine the proposed change, and, at the *March* term, 1861, reported to the board that they had viewed the proposed change, and that it was of public utility, and recommended that it be made. *Whitsel* and fifty-nine others, "citizens of *Cicero* township, in said county," thereupon filed their written remonstrance, protesting against the proposed change, as not being of public utility. Upon the filing of the remonstrance, the commissioners, under the provisions of the statute, appointed three other persons as viewers, to review and report upon the public utility of the proposed change.

At the *June* term, 1861, the last named viewers reported that they had carefully reviewed the proposed change in said highway, and believed the same to be of public utility, and recommend that the same be located and established as described in the petition and notice to viewers, "provided the petitioners shall first open and put said new road in as good condition as the old one, at their own expense. But on failure of the petitioners to comply with the above condition, then we report against said change."

The commissioners thereupon entered the following order in reference to said report, viz: "Said report being publicly read, and no person objecting thereto, it is, therefore, ordered, that said report be recorded, and that the road be declared a public highway, to the width of forty feet, upon the conditions named in said report, and upon no other, to-wit: that the said petitioners open and put said road in as good repair, as to clearing, bridging, grading and ditching, as the old road; at which time, and not before, the said new route will be established and located as a public highway, and thereafter kept in repair according to law."

At the *September* term, 1863, of the board of commissioners, *Joseph W. Wilson,* one of the original petitioners, filed a petition stating that the new road was fully completed, according to the conditions in the previous

order of the board, and praying that it be received, and for an order vacating so much of the old road as was changed by said order. Whereupon, as we are informed by the record, "the *board* proceeded to said road, and made a personal inspection thereof, and, after a careful examination of the same, agreed to receive it in compliance with said condition," and then and there declared the same to be a public highway, "whenever it shall be opened the width required; and the said road is hereby ordered to be kept in repair as such, from henceforward, and that the old road, between the commencement and termination of the change, be vacated."

The remonstrants then moved the board to set aside the original petition, the report of the viewers, and the order of the board establishing the change, and vacating that part of the old road; but the motion was overruled, and they thereupon appealed to the *Tipton* Circuit Court. The cause was afterward moved, by change of venue, to the *Howard* Circuit Court.

In the Circuit Court, the appellants moved to strike out the remonstrance, for the reason "that none of the persons signing the same resided along the proposed change, or the highway to be vacated." The motion was supported by affidavit, but the court overruled it. They then moved the court to dismiss the appeal, on the ground that it was not taken within thirty days next after the determination of said board, locating and establishing the proposed change, but the court overruled the motion. The cause was tried by a jury, who returned a verdict that the proposed change was not of public utility. Motion for a new trial overruled, and judgment against appellants for costs.

The errors assigned are: 1. The court erred in overruling the appellant's motion to strike out the original remonstrance. 2. The court erred in overruling the appellant's motion to dismiss the appeal. 3. The verdict of the jury is contrary to law, as it is not upon the issue in the cause.

We will examine them in the order in which they are presented.

The first question is, did the court err in refusing to strike out the original remonstrance, on the alleged ground that none of the persons signing it "resided along the proposed change, or the highway to be vacated?" The statute under which the remonstrance was filed provides that "if any one or more freeholders, residing in such county, along such proposed highway, vacation or change, shall object to the same, at any time before final action thereon, as not being of public utility, other viewers may be appointed," &c. The remonstrance describes the persons signing it, as "citizens of *Cicero* township, in said county." This description does not conform to the language of the statute, and yet they may be freeholders, and some one or more of them reside along the proposed change or vacation, within the proper meaning of the statute, which we do not construe to mean that, to enable a freeholder to object, he must reside immediately on the line of the proposed change, or road to be vacated, but in its vicinity, or within such reasonable distance thereof that he may be affected by the change or vacation in his convenience of travel, or otherwise.

But the motion was properly overruled, for the reason that the objection, if otherwise properly made, came too late. No objection was interposed at the time the remonstrance was filed, either by the appellants or the board of commissioners. The latter recognized their right to object to the proposed change, and, upon the filing of the remonstrance, appointed viewers to review it; upon their report, and the subsequent proceedings of the board thereon, the final order was made establishing the change, and it was too late to deny their right to make the objection, on appeal, in the Circuit Court. See *Little* v. *Thompson et al.*, *ante*, p. 146.

But it is urged that the court erred in overruling the appellant's motion to dismiss the appeal. We think other-

wise. It is admitted that the appeal was taken in less than thirty days after the order of the board, at the *September* term, 1863, establishing the change, declaring it a public highway, and vacating that part of the old road. But the appellants insist that the report of the reviewers, and the order of the board, at the *June* term, 1861, established the proposed change, and was final. In this, we think, they are in error. That report, and the order of the board upon it, we apprehend, are without precedent, and certainly without authority; but it was not final, nor does it purport to be so. It was the duty of the viewers to determine and report whether the proposed change was, or was not, of public utility. They do neither, but make a conditional report, that if the petitioners will open the new road, then they say the change is of public utility, but if they refuse to do so, then their report is that it is not of public utility. They were not authorized to annex such a condition, and the petitioners were clearly not bound to comply with it, and unless they did comply, the report stood against the public utility of the change. The change was not, therefore, authorized or established at that time. Nor, as we have already said, does the order of the board, made at that term, purport to establish the change. The language is, that when the new route is opened, and made as good as the old one, "the said new route *will be* established and located as a public highway." It is also evident that it was so understood, both by the appellants and the commissioners, and hence the petition, at the *September* term, 1863, to have the new road received and established, and the old one vacated, and the order of the board, after a careful personal inspection, in conformity with the petition.

The only remaining error assigned is, that the verdict of the jury is not upon the issue in the cause.

The only issue in the cause was made by the remonstrance, denying that the proposed change was of public utility.

That was the issue properly submitted to, and passed upon by, the jury.   There is nothing in the objection.

The judgment is affirmed, with costs.

*D. Moss* and *Linsday & Lewis*, for appellants.

*J. Green*, for appellees.

The judgment is affirmed, with 5 per cent. damages, and costs.