### Ruston and Others *v.* Grimwood.

Location of Highways.—*Supervisor.*—*Trespass.*—Trespass for entering the enclosed land of the plaintiff and removing fences. Answer, justifying the entry and the removal of the fences under an order of the board of county commissioners locating and establishing a township road.

*Held,* that the answer was bad for failing to aver that the supervisor gave the occupant of the land sixty days notice in writing to remove his fence.

Same.—*Order of Location.*—*Description of Highway.*—In a proceeding for the location of a highway, the final order of the board of commissioners was as follows: "And the board, having duly examined and considered said report, accept and approve the same, and it is now here ordered that *said road* be, and the same is hereby located to the width of twenty-five feet." The beginning, terminus, course, and distance of the road were described in the petition.

*Held,* that the order was sufficiently definite.

Ruston and Others *v.* Grimwood.

NEW TRIAL.—*Excessive Damages.*—The Supreme Court will not consider the question of excessive damages if it be not embraced in a motion for a new trial.

APPEAL from the Vanderburgh Common Pleas.

GREGORY, J.—Suit by the appellee against the appellants for trespass for entering the enclosed land of the plaintiff and removing fences.

The defendant answered in two paragraphs. The second paragraph is the general denial. The first paragraph justified the entry and removing the fences under an order of the Board of Commissioners of Vanderburgh county, made at their December term, 1866, locating and establishing a township road.

A demurrer was sustained to this paragraph, and that is complained of as the first alleged error.

This paragraph is bad, because it fails to aver that the supervisor gave the occupant of the land sixty days notice in writing to remove his fence. See 1 G. & H. 365, sec. 41.

It is claimed, that the final order establishing the road is void for uncertainty. The petition states the beginning, terminus, course, and distance of the road. The order is as follows: "And the board, having duly examined and considered said report, accept and approve the same, and it is now here ordered that said road be, and the same is hereby located to the width of twenty-five feet."

We hold that the order is sufficiently definite. The petition, remonstrance, and report of the reviewers are a part of the record, as well as the final order, and taken together there can be no difficulty in determining the location of the road.

It is urged that the damages are excessive, but this question was not embraced in the motion for a new trial, and therefore cannot be considered here.

The judgment is affirmed, with costs.

*J. M. Shackelford* and *R. A. Hill*, for appellants.

*A. Iglehart* and *C. Denby* for appellee.