*J. H. Brown* and *G. D. Wagoner*, for appellant.

*L. T. Miller* and *J. Park*, for appellee.

---

## City of Columbus and Others v. Storey and Others.

INJUNCTION.— *City.—Street Improvement.*—The common council of a city by ordinance changed the grade of a street, bordering upon which was a valuable mill property, in front of which the street was cut down, in making said change, about twenty-one inches, so that about twenty-five dollars would be the expense of restoring as convenient access to the mill yard as existed before the change. Suit by the owner of said mill property to enjoin the completion of the work, the complaint being filed after the street had been so cut down and when, in order to complete the work, it only remained to put on the gravel, said owner's damages occasioned by the change not having been assessed or tendered to him.

*Held*, that there was no ground for an injunction.

APPEAL from the Bartholomew Common Pleas.

GREGORY, C. J.—This is an appeal from an interlocutory order restraining the defendants from completing the grade of Harrison street, in the city of Columbus.

The case was heard on affidavits filed by the parties.

The complaint is, that the Common Council of the city of Columbus have by ordinance changed the grade of Harrison street; that Storey is the owner of a valuable mill property bordering thereon; that by the change of grade the access from the street to the mill yard is obstructed; that Storey will thereby sustain irreparable damage; that the defendants are progressing with the work according to the grade as changed; that the plaintiff's damages have not been assessed and tendered to him.

The facts, as disclosed on the hearing, do not make a case for an injunction.

The cut along Storey's property is only about twenty-one inches; and a very small expense, not to exceed twenty-five dollars, will restore the access to the mill-yard, making it as convenient as it was before the change. At the time this complaint was filed, the street had been cut down the full depth required by the change, and it only remained to put on the gravel to complete the work. The damage to the appellee Storey would have been greater by leaving the street in that condition, than by completing the work by putting on the gravel.

It may be that Storey has a right of action growing out of the fact that his damages resulting from the change of grade were not assessed and tendered him before the work was done. But, clearly, a court of equity ought not to interpose by injunction to prevent the completion of the improvement of Harrison street according to the new grade.

It is the duty of the court to look to consequences, before granting an injunction.

The order granting an injunction is reversed, at the costs of appellees. Cause remanded for further proceedings.

*S. Stansifer* and *F. Winter*, for appellants.

*R. Hill* and *G. W. Richardson*, for appellees.