Simonton v. Thompson.

---

## SIMONTON v. THOMPSON.

REAL ESTATE.—*Alienation Of.*—*Conveyance.*—*Monuments.*—*Measurements.*—
A. owned a quarter section of land, across which, running north and south, at a distance of less than twenty-five rods from the west line thereof, a highway was located. He conveyed to B. a portion of such land, by a

deed describing the portion conveyed as the whole quarter section, "less a strip, twenty-five rods in width, off the east side of said premises; and, also, less a strip, twenty-five rods in width, off the west side of said described quarter section, containing one hundred acres, be the same more or less; expressly reserving a right of way, from the east side of said premises, across said premises, to the highway on the west side of said premises."

*Held*, that, though thereby including a portion of the strip reserved on the west side of said quarter section, yet, such highway constitutes the western boundary line of the portion conveyed.

SAME.—Where a tract of land, conveyed by deed, is therein described in one way by measurements, and in another and different way by monuments, the latter description must control.

From the Elkhart Circuit Court.

*R. M. Johnson* and *J. D. Osborn*, for appellant.

*J. H. Baker* and *J. A. S. Mitchell*, for appellee.

PERKINS, J.—Complaint in a suit to recover land. Answer, the general issue. Trial by jury. Verdict for defendant. Motion for a new trial denied. Judgment on the verdict. The evidence is not in the record.

The court instructed the jury as follows:

"The court deems the whole matter at issue, between the parties in this case, to be settled by the deed executed by the plaintiff, to one Cornish, under whom the defendant claims title to the land in controversy, and will, therefore, instruct you upon that point only. By this deed, which the defendant puts in evidence, the plaintiff conveyed certain land to Cornish, who, afterwards, conveyed the same to the defendant. The deed from the plaintiff to Cornish reads as follows:

"'By this deed, I, David S. Simonton, and Emily Simonton, the wife of David S. Simonton, of the county of Elkhart, in the State of Indiana, convey and warrant unto James Cornish, of Elkhart county, State of Indiana, the following described piece or parcel of land, situated in the county of Elkhart, in the State of Indiana, to wit, the south-east quarter of section eight, in township thirty-eight, north, range five, east, less a strip, twenty-five rods in width,

off the east side of said described premises, and, also, less a strip, twenty-five rods in width, off the west side of said described quarter section, containing one hundred acres of land, be the same more or less, expressly reserving a right of way from the east side of said premises, across said premises, to the highway on the west side of said premises, for the sum of three thousand dollars. In witness whereof, * * * '

" It is a rule of law that the intent of the parties must be ascertained from the deed, and, when so ascertained, that intent must govern as to the land conveyed by the deed. And another rule is, that where monuments and measurements are both referred to in a deed, and there is any conflict between the monuments so referred to and the measurements given in the deed, the monuments are to govern and control the location of the land, in preference to the measurements; and the reason is, that it is quite easy to err in making measurements, but the location of fixed monuments, such as roads and the like, may be definitely ascertained and proved. If the deed from the plaintiff to Cornish had, after describing the land by measurements, stopped there, then the rights of the parties, as to the land conveyed, would have been determined by such measurements; but the deed did not stop there; it went on to say, 'expressly reserving a right of way from the east side of said premises, across said premises, to the highway on the west side of said premises.' The evidence tends to show, that, if the measurements mentioned in the deed are to control in the location of the land, there would be a strip of land, about two rods wide, lying along the road, and parallel to the west line of the land so conveyed, and between it and the road, which was not conveyed by the deed, and which the plaintiff now claims in this action. The latter clause in the deed, however, which I have read to you, refers to the road as being the western boundary of the land, and, for the purposes of this action, it must be presumed that the plaintiff

intended to, and did, convey the whole of the land to Cornish, extending west to the road. By this reference in the deed to the road, it became a fixed monument, and it must be held, as between these parties, that the land, as conveyed to Cornish, actually came out to the road, although, by the measurement given in the deed, it would not do so. The court charges you that this deed fixes the road as the western boundary of the land, and you are bound to accept it as the western boundary; and, if the road has not been changed since Cornish went into possession under his deed, the defendant is the owner of the land in controversy, it not being controverted but that the defendant owns all the land purchased by Cornish, of the plaintiff, and described in his deed."

The plaintiff excepted to the giving of the foregoing instruction, and asked the court to give the following:

" The defendant claims, that, by the description of the land and recitals in the deed from the plaintiff to Cornish, the land actually conveyed by said deed must be held to extend to the road, on the west, and that, as between these parties, it must be conclusively presumed that the intent of the parties was to convey all the land, up to the road, and leaving the road as the western boundary thereof; and, on the other hand, it is contended by the plaintiff that the measurements must govern as to the location of the land; and that, according to such measurements, there is a strip of land between its western boundary and the road. The description and recital are as follows: ·

" ' The following described piece or parcel of land, situated in the county of Elkhart, in the State of Indiana, to wit, the south-east quarter of section eight, in township thirty-eight, north, range five, east, less a strip, twenty-five rods in width, off the east side of said described premises, and, also, less a strip, twenty-five rods in width, off the west side of said described quarter section, containing one hundred acres of land, be the same more or less, expressly reserving a right of way from the east side of said prem-

ises, across said premises, to the highway on the west side of said premises.'

" The court instructs you on this point, that if, in describing land in a deed, monuments, such as roads or fixed objects, are referred to for the purpose of describing the land, then those monuments will control and determine the location of the lands in preference to the measurements; but if such monuments are merely referred to in the deed for some other purpose, and not for the purpose of a description of the land, then the measurements may control in preference to the monuments. In the deed from the plaintiff to Cornish, the reference to the road, as being on the west side of the land, is made in fixing the extent of the way reserved through the land; and, unless you believe from the evidence that such recital in the deed misled Cornish when he bought the land, and, from that and other facts proved, he was led to believe the land actually came out to the road, then the recital will not govern and control the measurements in this case." Which instruction the court refused to give, and the plaintiff excepted.

The evidence is not in the record, but, in lieu thereof, a statement that parties introduced evidence tending to sustain their respective sides of the issues in the cause.

There were four paragraphs of answer filed, in addition to the general denial. A demurrer was overruled to the second, third and fifth, and sustained as to the fourth; but, as all defences could be given in this case, under the general denial, we have not considered the rulings on the demurrers.

The appellant has furnished the following plat of the ground in controversy, in illustration of the subject:

"S. E. ¼, Sec. 8, T'p. 38, N., R. 5, E.

"SIMONTON DESCRIPTION.

"Beg. 5.73 chs. E. of N. W. cor., S. E. ¼, sec. 8, t'p. 38, N., R. 5, E., thence E. .52 chs., thence S. 37.78 chs., thence W. .61 chs., thence to beg.; containing 2.134 acres.                    GEO. T. AGER, S. E. C.

"The quarter section is represented by the boundaries A. B. C. D. and E."

The record does not advise us of the ground upon which the court refused the instruction asked by the plaintiff.   It may have been because it assumed facts not proved, or admitted.   It may have been because the court did not consider the instruction as enunciating the law. Under these circumstances, we shall not further notice it.

We think the deed of the plaintiff to Cornish conveyed to the latter the strip of land in question.   This being so,

other questions raised in the cause are unimportant. The deed contains two designations of the western boundary of the land sold; one is, that it is a line twenty-five rods from the western boundary of the quarter section; the other, that it is the highway on the western side of the premises sold. And the question is, which is to govern? The rule of law is, in such cases, that monuments, fixed, natural or artificial objects, cognizable by senses, control distances. The reason of this rule is said to be, and it is certainly a good one, that parties are supposed to inspect land before or at the time of purchase, in which inspection they can easily recognize visible monuments, and thus acquire a definite idea of the boundaries of the land, which they could not acquire by measuring distances with the eye. The *Buffalo, etc., R. Co.* v. *Stigeler,* 61 N. Y. 348.

· Looking, now, to the plat in this opinion, and supposing the parties to be standing in view of the ground, and the grantor to give to the grantee, the following description of the land which he was selling him, " The south-east quarter of section eight, in township thirty-eight, north, range five, east, less a strip, twenty-five rods in width, off the east side of said described premises, and, also, less a strip, twenty-five rods in width, off the west side of said quarter section, containing one hundred acres of land, be the same more or less, expressly reserving a right of way from the east side of said premises, across said premises, to the highway on the west side of said premises," What would the grantee understand to be the west boundary? A reservation is something taken out of the premises conveyed. It became necessary and proper, therefore, in defining the extent of his reservation, for the grantor to re-describe the boundaries of the land conveyed. His reservation, in substance, is this; expressly reserving a right of way from the east boundary of the premises I have conveyed to you, across the said premises, to the highway, which is the west boundary of the said premises. It

could be understood to mean nothing else, and it is unreasonable to suppose that the purchaser of this farm would be knowingly purchasing it, less a narrow strip of a few feet, that would cut him off from the highway; and it is the more reasonable supposition that the vendor was only reserving the strip of land that lay upon the west side of it.

The judgment is affirmed, with costs.