## Suits v. Murdock et al.

TRESPASS.—*Defence.*—*Pleading.*— *Supervisor.*—*Township Trustee.*—*Opening Highway Through Enclosed Lands.*—*Notice to Owner to Move Fence.*— Where, in an action by the owner of land for damages for unlawfully entering upon his premises and throwing down his fences, the defendants justify by alleging that the acts complained of were committed by them as township trustee, supervisor and laborers, in opening a highway duly located by order of the proper board of commissioners, it is necessary to allege also, that the notice required by section 41 of the highway act, 1 R. S. 1876, p. 534, has been given.

SAME.—*County Commissioners.*—*Order Locating Highway.*—*Viewers.*—*Reviewers.*—*Judgment Unappealed From.*—*Jurisdiction.*— *Waiver.*—*Description of Route.*— *Record of Highway.*—*Damages.*—*Remonstrance.*—*Tender.*—

From the record of the county commissioners, attached to the answer, it appeared, that, upon a legal petition for the location of the highway in question, viewers were appointed, who. reported to the proper board of commissioners, that they had "carefully viewed the said proposed route, * and * believe the location will be of public utility, and thirty feet wide," describing the route particularly; that such report was received and confirmed by the board; that, upon remonstrance, reviewers were appointed, who reported to such board, that they had found that the highway proposed would "be of utility" and had "laid it out thirty feet wide," describing the route as described by the viewers, and allowing a certain sum to the remonstrant as damages "to be paid by the original petitioners, or persons benefited," etc.; that thereupon the board had made an order, that, "whenever the original petitioners shall pay to " the remonstrant the said damages, "then the said highway shall be located and established on said route, thirty feet in width, and that the said road shall be opened accordingly," etc., and' that the proper trustee be notified thereof; and that such notice had been given, such damages tendered, and the tender kept good.

*Held,* that the board had jurisdiction, and, no appeal having been taken from their order, its effect could only be avoided by showing it to be void.

*Held,* also, that, by failing to appeal, any question as to the order for payment of the damages assessed was waived.

*Held,* also, that an objection that the highway should have been ordered to be taken equally from adjoining proprietors is of no force, it not appearing that the route was upon a line between adjoining proprietors.

*Held,* also, that the viewers only, and not the reviewers, have authority to lay out and mark a highway.

*Held,* also, that a board of commissioners has no power to lay out and mark a highway.

*Held,* also, that, where the report of viewers specifies the route of the highway to be on a straight line between permanent specified points, such an order as was made in this case is sufficient.

*Held,* also, that the record of the highway laid out by the viewers could not be made by the board until after the report of the reviewers.

From the Tippecanoe Superior Court.

J. M. LaRue and F. B. Everett, for appellant.

J. D. Gougar, W. D. Wallace and A. Rice, for appellees.

PERKINS, J.—Suit by the appellant, against the appellees, to recover damages occasioned by a trespass of the latter upon the lands of the former.

The complaint alleges, that, on the 25th day of December, 1875, the plaintiff was the owner, and in the peaceable

possession, of a certain piece of land, describing it; that, on the day aforesaid, the defendants, without license, etc., entered upon said land, and threw down his fences, etc., to his damage, etc.

The defendants answered, that a highway had been laid out through said land, and ordered to be opened, and that the defendants were, one of them the township trustee of the township in which said road was laid out, one of them the road supervisor of the road district, etc., the others were inhabitants of said road district, and were acting in obedience to said supervisor, and that they all entered upon said land, and removed said fences, in the execution of the order of the board of commissioners of said county for the opening of said highway.

A transcript of the proceedings and judgment in the commissioners' court was filed as an exhibit with the answer.

A demurrer to the answer was overruled, and exception entered.

Reply, to which a demurrer was sustained, and final judgment rendered in favor of the defendants.

The record shows that a legal petition for the highway was presented to the board of commissioners of Tippecanoe county; that the viewers were appointed, who reported in favor of the highway. The report described the route of the highway, as described in the petition for it, and concluded as follows :

" And the said viewers say, upon their oath, that they have carefully viewed the said proposed route for road, and report to your honorable body that they believe the location will be of public utility, and thirty feet wide."

The report was received and confirmed by the commissioners, and the viewers discharged.

A remonstrance was filed, and reviewers appointed, who also reported favorably. We copy their report, and the order of the board thereon :

" And afterward, at the September term, 1875, of the board of commissioners of said county, come Nelson Lutz and Bennett Foresman, two of the reviewers heretofore appointed at last term of this court to review a proposed highway situate in Tippecanoe county, Indiana, as follows, to wit:

" Said road to commence at the south-east corner of the north-east quarter of section 27, in town 22, range 6 west, and running with a road running from the Midway school-house, on the Pleasant Hill, Shawnee Mound and Lafayette gravel road, due west, through the middle of section twenty-six, running to the said south-east corner of the north-east quarter of said section twenty-seven, and the said proposed road to run due west through the middle of said section twenty-seven, about two hundred and sixty rods, intersecting a road running south-west into Fountain county, said road running through the lands owned by Thomas A. Odell, G. W. Odell, John Mulhollen and William Mulhollen, and Daniel Christman; also, Alexander Suits, Job Mulhollen, Michael Leyden, W. P. McMillen, Franklin Lester, and William Howey, said road to be thirty feet wide ; and file their report, which is in the words and figures following, to wit:

" ' We, the undersigned reviewers, appointed by your honorable body, at your June session, 1875, beg leave to report that, after being qualified, we proceeded to make said review, and find that the within described location of public highway will be of utility, and laid it out thirty feet wide, as follows: Commencing at the south-east corner of the north-east quarter of section 27, township 22 north, range 6 west, and running with a road running from the Midway school-house, on the Pleasant Hill, Shawnee Mound and Lafayette gravel road, due west through the middle of section twenty-six, running to the south-east corner of the north-east quarter of said section twenty-seven, and to run

due west through the middle of said section twenty-seven, about 260 rods, intersecting a road running south-west, into Fountain county.

" 'We also find for the remonstrator, Alex. Suits, the sum of $25.00 damages, to be paid by the original petitioners, or persons benefited thereby.   .

" 'Bennett Foresman,

" ' Nelson Lutz.'

"And it appearing to the board that said reviewers have in all things discharged their duties well, it is therefore ordered that they be discharged from their said trust. And it is further ordered by the board, that, whenever the original petitioners shall pay to said Suits the sum of twenty-five dollars, then the said highway shall be located and established on said route thirty feet in width, and that said road shall be opened accordingly, and kept in repair, and that the trustee of Wayne township be notified of this fact."

No appeal was taken from the judgment and order of the board.

The notice provided for in the order was given. The twenty-five dollars were tendered, and the tender was kept up by bringing the money into court. The appellees entered upon the premises to open the road, and this suit against them for trespass was instituted.

As the board of commissioners had jurisdiction in the premises, and their judgment was not appealed from, and it is here attacked collaterally, it must be shown to be void, to defeat its operation.

The objections made to it by appellant are:

1.   That the damages should have been ordered to be paid out of the county treasury;

2.   That it does not appear that the thirty feet for the road were taken equally from adjoining proprietors;

3.   That the viewers did not lay out the road;

4.   That the board did not lay out the road.

The first objection was waived by failing to appeal.

The second objection is without force, because it does not appear by the record, that the line of the road, or any part of it, was intended to be located on the line between adjoining proprietors; and, did it, the objection does not show the extent of the deviation.

The third objection must be tested by the following sections of the statute:

" SEC. 16.   The auditor of such county shall issue a precept to the sheriff thereof, commanding him to notify such viewers of the time, place and object of their meeting, and such viewers, at such time and place, after having taken an oath, before some officer authorized to administer. oaths, to faithfully perform their duties, shall proceed to view the highway, or such change; and if they shall deem the highway to be located, or the change to be made, of public utility, they shall lay out and mark the same on the best ground, not running through any person's inclosure of one year's standing, without the owner's consent, unless upon examination, a good way cannot otherwise be had: *Provided*, That where the road is laid out upon the line dividing the land of two individuals, each shall give half the road.

" SEC. 17.   Such viewers, or a majority of them, shall make a report of their proceedings at the ensuing session of the board of commissioners of the county in which such location, change or vacation may be made, giving a full description of such location, change or vacation, by routes and bounds and by its course and distance, except that in case of the vacation of a road, or any part thereof, such description only as will designate it clearly, shall be required; and in such case, a copy of the order vacating such highway shall be transmitted by the proper auditor to the trustees of the townships in which such vacated highway is situate, who shall cause the supervisors thereof to be notified accordingly."

The viewers did not formally lay out and mark the highway, but they reported that they believed a location on the site petitioned for, and particularly described, would be of public utility, and specified its width—thirty feet. The reviewers had no power, as it was no part of their duty, to lay out the highway. *Hughes* v. *Sellers*, 34 Ind. 337.

The order of the commissioners does not purport to "lay out and mark" the highway, but directs, that, whenever the twenty-five dollars are paid, "then the said highway shall be located and established on said route, thirty feet in width."

The highway might have been legally laid out and established before the damages assessed were paid; but it could not have been opened and used till that had been done.

Section 25 of the highway act, 1 R. S. 1876, p. 533, enacts as follows:

"SEC. 25. No such highway shall be opened, worked, or used, until the damages assessed therefor shall be paid to the persons entitled thereto, or deposited in the county treasury for their use, or they shall give their consent thereto in writing filed with the auditor of such county."

We do not find any provision in the statute authorizing the board of commissioners to lay out and mark highways; these acts are to be performed by the viewers, and the duty of the board is to "cause a record thereof to be made," and order the road to be opened and worked. If a remonstrance is filed, and is unsuccessful, the record will be made by order of the board afterward. Sec. 18 of the act, *supra.*

The record of a road is not made till after it has been laid out by the viewers.

If the report of the viewers do not state that they laid out and marked the road, it might be held insufficient on appeal. *Hughes* v. *Sellers, supra ; Wilson* v. *Whitsel,* 24 Ind. 306. But it seems to us, that, in a case like the present, where the

termini of the proposed road are definitely fixed by reference to known and permanent objects, and its course is designated and fixed on a straight line between such permanent objects, that is a sufficient laying out and marking o the highway, within the meaning of the statute, especially when the existence of the highway is attacked collaterally. *Ruston* v. *Grimwood*, 30 Ind. 364.

As to the order of the board, we think it should be construed as meaning to express and direct that simply which the board had power to direct, viz., that the road should not be opened and worked till the twenty-five dollars were paid. At all events the proceedings in laying out the highway were not void. *Sparling* v. *Dwenger*, 60 Ind. 72; *Weston* v. *Lumley*, 33 Ind. 486; *The State* v. *Schultz*, 57 Ind. 19.

There is, in this case, however, a reason, not depending upon the validity of the proceedings before the commissioners, why the judgment must be reversed. It is enacted by section 41 of the highway act, above quoted from, that:

" Sec. 41. Whenever any public highway shall have been laid out through any inclosed land, the supervisor shall give the occupant of such land, or the owner, if a resident of the road district, sixty days' notice in writing, to remove his fence; but such owner or occupant shall not be compelled to move such fence between the first day of April and the first day of November; and if such fence is not moved pursuant to such notice, such supervisor shall cause the same to be done."

In this case, the answer does not allege that notice was given to the occupant or owner of the land, pursuant to said section 41. *Ruston* v. *Grimwood, supra.*

The judgment is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.