No. 7602.

SMITH *v.* WELDON ET AL.

HIGHWAY.—*Petition.—Description.*—A petition to locate a highway must describe the highway with sufficient certainty to enable a practical

surveyor to run it, and, therefore, the description in such a petition, "thence north-west fourteen rods, with an angle of about ten degrees," is void.

SAME.— *Uncertainty in Description.*—The description of a highway embraces its beginning, course and termination. If in any of these particulars it is so uncertain that a practical surveyor can not locate it, the entire road fails; and any person through whose land the road will pass may show such defect, whether it occurs in that part of the road on his land or not.

SAME.—*Injunction.—When Granted.*—An injunction will not be granted unless the plaintiff shows that the threatened injury would be irreparable, or would produce great injury to him, and that he is equitably entitled thereto, and has no adequate remedy at law.

SAME.—*Pleading.—Complaint.*—In an action to enjoin the opening of a highway, a transcript of the proceedings before the county board locating the same, filed with the complaint, constitutes no part thereof.

From the Gibson Circuit Court.

*W. M. Land* and *J. B. Gamble*, for appellant.
*J. E. McCullough* and *L. C. Embree*, for appellees.

BICKNELL, C.—This was a suit for an injunction against the district supervisor and the township trustee, to prevent the opening of a highway, established by the county board, upon a petition, under the statute of highways. A demurrer to the complaint, for want of sufficient cause of action, was overruled; the defendants answered in denial; the issue was tried by a jury, who returned a verdict for the defendants; the plaintiff moved for a new trial; his motion was overruled; judgment was rendered upon the verdict, and the plaintiff appealed to this court. The only errors assigned and argued by the appellant are:

1st. That the verdict is contrary to law.

2d. That the verdict is not sustained by sufficient evidence.

3d. That the court erred in giving to the jury special instructions, asked for by the appellees, and numbered 1 and 2.

A cross error was assigned by the appellees, as follows:

That the court erred in overruling the demurrer to the complaint.

The material averments of the complaint are, that the appellees are threatening to open said highway through the appellant's timbered land, for a distance of 94 rods, and that such opening "will necessarily destroy growing and valuable timber of the appellant, to his irreparable injury and damage, to the sum and value of $100 ;" and that the petition for said highway, a copy of which is filed with the complaint, and the order of the county board upon said petition, are illegal and void, for uncertainty in the description of the beginning, course and termination of said highway. Wherefore the complaint prays that the defendants may be enjoined against opening said pretended road, etc.

The description alleged to be insufficient is in the petition, and in the order of the county board, as follows: "Commencing in the Owensville and New Harmony road, fifteen rods south of the quarter-section line, in section No. 25 of township No. 3 south, of range No. 12 west, running west about one hundred and twenty-seven rods, upon the lands of Manoah Smith and Mary E. Weldon, thence northwest fourteen rods, with an angle of about ten degrees." A petition to locate a highway must describe the highway with sufficient certainty to enable a practical surveyor to run it. *McDonald* v. *Wilson*, 59 Ind. 54.

Under this rule, the foregoing description is clearly bad in that part of it which gives the course, "thence north-west fourteen rods, with an angle of about ten degrees." No man could run that line, because it is impossible to determine whether the description means ten degrees west of a due north-west line, or ten degrees east of a due north-west line, or ten degrees north of a due west line. This fault in the description is fatal. *DeLong* v. *Schimmel*, 58 Ind. 64 ; *Farmer* v. *Pauley*, 50 Ind. 583.

But, notwithstanding this fault in the description, the plaintiff was not entitled to an injunction, without showing that the threatened injury was irreparable, or, in the language of

our statute, "would produce great injury to the plaintiff." Our courts have always held that a mere trespass, easily capable of compensation in damages, is not a proper subject of injunction. *The Indianapolis, etc., Co.* v. *The City of Indianapolis*, 29 Ind. 245 ; *Lewis* v. *Rough*, 26 Ind. 398 ; *McQuarrie* v. *Hildebrand*, 23 Ind. 122 ; *Bolster* v. *Catterlin*, 10 Ind. 117 ; *The City of Columbus* v. *Storey*, 33 Ind. 195.

The averment in the complaint, as to the extent of the injury, is a peculiar one. It is substantially "that the plaintiff will sustain irreparable injury, to the extent of $100 ;" and the plaintiff testified on the trial as follows : "The timber is mostly oak, poplar and hickory ; the damages would be over $100 ; it would damage my land $100 to have the timber cut off the line of the road, besides injuring other timber falling against it."

In the case of *Thatcher* v. *Humble*, 67 Ind. 444, an injunction was sustained because, in the opinion of the court, under the circumstances of that case, there was no adequate remedy at law. But the evidence in the present case brings the claim fairly within the principles asserted in *Lewis* v. *Rough*, and in *The City of Columbus* v. *Storey*, *supra*.

Again, it appeared in evidence that the appellant was one of the petitioners ; his name headed the list. He thereby adopted the description in the petition, and upon it he pro· cured the order which he now claims was illegal. In the case of *Wallace* v. *McVey*, 6 Ind. 300, the court say : "An injunction is the strong arm of the Court, and should never be resorted to but upon necessity," and "should never be allowed, in the first instance, except upon a case clearly made, showing an equitable right to the interference of the Court." We think this was no case for an injunction ; that the verdict was fully sustained by the evidence, and was not contrary to law.

Instructions Nos. 1 and 2, asked for by the appellees and given by the court, were as follows :

Smith *v.* Weldon *et al.*

"No. 1. If the jury find that the description of the highway in controversy is certain as to that portion of it which runs through and over the lands of the plaintiff in this case, then it is their duty to find for the defendants.

"No. 2. Before the plaintiff in this case is entitled to a verdict at your hands, he must show, by a preponderance of the evidence, that some portion of the highway in controversy that runs over his land is uncertain, and, although the plaintiff might show that other portions of said highway are vague and uncertain, yet this would not be sufficient to entitle him to a verdict at your hands."

These instructions were erroneous. The description of a highway embraces its beginning, course and termination. If in any of these particulars it is so uncertain that a practical surveyor can not place it, the entire road fails ; any person through whose land the road will pass may show that the statute has not been complied with in reference to some part of the road, whether he owns that part of the land or not. But these errors in the instructions can not avail the appellant, because he had no equitable right to an injunction, and because the verdict for the appellees was right upon the evidence, and according to law.

We think the court erred in overruling the demurrer to the complaint ; the defective petition, not being set out in the body of the complaint, was not a part of the complaint. See *Parsons* v. *Milford,* 67 Ind. 489, and cases there cited. No cause was shown for the extraordinary remedy of an injunction. The judgment ought to be affirmed, with costs.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and is hereby, affirmed in all things, at the costs of the appellant.