## No. 11,334.

## RUTHERFORD v. DAVIS.

HIGHWAYS.—*Opening of, by Supervisor.*—*Suit for Trespass.*—*Answer in Justification.*—One sued as a trespasser may justify the acts complained of as being done by him as a road supervisor while opening a highway, duly located, on a sufficient petition and notice, by the proper board of commissioners. But, where he thus justifies, he must not only allege such order of location, but also facts showing that his acts under such order were lawful, or he will be held a trespasser *ab initio.*

SAME.—*Notice to Land-Owners by Supervisor.*—Under the act of 1852, creating the office of road supervisor, and under that of 1881, creating the office of township superintendent, and also under the act of 1883, abolishing the latter and reviving the former, such officer must, before opening a highway, give to owners of lands affected the sixty days' notice required by section 5030, R. S. 1881.

From the Washington Circuit Court.

*J. A. Zaring,* for appellant.

*S. B. Voyles, H. Morris* and *A. B. Collins,* for appellee.

ELLIOTT, J.—The answer of the appellee alleges that he was the duly elected, qualified and acting supervisor of roads; that before the occurrence of the alleged trespass complained of by the appellant, a petition for the location of a highway was filed by twelve freeholders, six of whom were residents of the immediate vicinity of the highway then proposed to be located; that the petition was duly acted upon by the board, and such proceedings had as resulted in the following order: "And the board find that the said petition and notice are in proper form and sufficient, and that twelve of the petitioners are freeholders, and that six of them reside in the immediate vicinity of the route of the proposed highway, and

that due notice of the time of the presentation of said petition, as required by law, had been given." The answer also alleges that after the report of the viewers had been made as ordered, an order was made establishing the highway, and directing that it be opened and kept in repair; that the auditor of the county issued and delivered to the township trustee a certified copy of the judgment of the board of commissioners; that the latter issued and delivered to the appellee, as supervisor, an order commanding him to open the highway as directed; that, acting under and pursuant to this order, and in his official capacity of supervisor, he proceeded to open the way, not through an enclosure of a year's standing, and that all of the acts complained of were done by him in his official capacity, and by virtue of the authority conferred upon him by the judgment of the board of commissioners.

The statute invests the board of commissioners with general jurisdiction of the matter of laying out and opening highways, and the board in this instance had jurisdiction of the subject-matter of the petition. The petition is shown to be such as invoked the exercise of their jurisdiction in this particular instance, and there was notice. The judgment of the board was, therefore, rendered in a case where it had jurisdiction, and the rule is firmly established that where the tribunal has jurisdiction collateral attacks are fruitless. *Cauldwell* v. *Curry*, 93 Ind. 363; *Coolman* v. *Fleming*, 82 Ind. 117; *Stoddard* v. *Johnson*, 75 Ind. 20; *Featherston* v. *Small*, 77 Ind. 143; *Simonton* v. *Hays*, 88 Ind. 70; *Town of Cicero* v. *Williamson*, 91 Ind. 541; *Muncey* v. *Joest*, 74 Ind. 409; *Reynolds* v. *Faris*, 80 Ind. 14; *Schmidt* v. *Wright*, 88 Ind. 56. The answer, of which we have given a synopsis, shows a case in which the board of commissioners had jurisdiction, and the judgment can not be collaterally impeached.

It is a familiar rule that a ministerial officer charged with the duty of executing process is protected by that process, if it was issued by a court of competent jurisdiction, and is regular on its face. The order issued to the supervisor was, as

the answer shows, issued by a court having jurisdiction of the subject-matter, and was regular on its face, and the officer was, therefore, not bound to look behind it. *Ewing* v. *Robeson*, 15 Ind. 26; *Hazzard* v. *Heacock*, 39 Ind. 172; *Noland* v. *Busby*, 28 Ind. 154; *Davis* v. *Bush*, 4 Blackf. 330; *Caldwell* v. *Kenworthy*, 31 Ind. 238; *Hill* v. *Haynes*, 54 N. Y. 153; *Chegaray* v. *Jenkins*, 5 N. Y. 376.

The answer shows an order which would have protected the supervisor, if, in executing it, he had obeyed the law. It is not enough, however, to show an order or judgment in justification, for it must also be shown that the officer proceeded in the manner provided by law. In proceedings subsequent to the delivery of the process to him, the officer must act in obedience to law, or he becomes a trespasser *ab initio*. *Jarratt* v. *Gwathmey*, 5 Blackf. 237.

The question which remains is, whether the appellee did proceed in accordance with the law in executing the process issued to him. The statute enacted in 1852 provides that the supervisor shall give sixty days' notice in writing to remove fences. R. S. 1881, section 5030. Under this statute it was held, and rightly, that a supervisor, who undertakes to justify under an order of the board of commissioners, must aver that he gave the proper notice. *Ruston* v. *Grimwood*, 30 Ind. 364; *Suits* v. *Murdock*, 63 Ind. 73. In the revision of 1881, the title of the officer is "township superintendent," while in the original act it is "supervisor," but we need not stop to inquire whether the change in the statute made by the revisers is or is not an authorized and effective one, for it is clear that the statute was intended to secure notice in all cases, and that it is, therefore, incumbent upon the ministerial officer, whatever his title may be, to give the notice required before destroying fences. The act, abolishing the office of supervisors, in force when the revision of 1881 was made, was repealed by the act of March 2d, 1883, the office of supervisor created, and that of road superintendent abolished. Acts 1883, p. 62. We have found no statute changing the

provisions of section 5030, respecting notice, and it must be deemed to be in full force and binding upon supervisors acting under orders directing the opening of highways.

The answer in this case is bad for the reason that it does not show that the notice required by law was given. Judgment reversed.

Filed May 6, 1884.