Filed Dec. 10, 1887.

---

No. 12,967.

## COTTINGHAM *v.* THE FORTVILLE AND NOBLESVILLE TURNPIKE COMPANY.

TRESPASS.—*Drainage Commissioner.*—*Personal Liability.*—*Void Judgment.*—*Turnpike Company.*—A drainage commissioner who constructs an open ditch across a turnpike, assuming to act under proceedings to which the turnpike company was not a party, is a trespasser, and personally liable, the judgment being void as to the company, and affording the officer no protection.

From the Hamilton Circuit Court.

*W. S. Christian* and *I. W. Christian,* for appellant.

*T. J. Kane* and *T. P. Davis,* for appellee.

ELLIOTT, J.—The appellee charges that the appellant unlawfully and without right tore up its turnpike and constructed an open ditch across it ten feet in depth and fifteen feet in width.    The answer of the appellant attempts to justify by pleading a judgment ordering the opening of the ditch, and by averring that the ditch constituted part of the line of a ditch ordered to be opened and constructed by the appellant as a commissioner of drainage.

It is contended by the appellant's counsel that, by force of section four of the drainage law of 1883, there is no personal liability on the part of the appellant, but that he is liable only in his capacity as drainage commissioner. The appellant was a trespasser, for the appellee was not bound by the judgment in the drainage proceedings, as it was not a party to those proceedings. Doubtless, if the appellee had been a party to those proceedings, then the appellant would be protected, although there were errors or irregularities in the proceedings; but here there was no jurisdiction of the person of the appellee, and without jurisdiction the judgment is void.

A void judgment will not protect an officer. *Rutherford v. Davis*, 95 Ind. 245. An officer is liable as an individual where he commits a trespass. He can not defeat one who sues him by alleging that he acted in an official capacity, unless there is some legal process giving at least color of rightful authority to his acts.

Judgment affirmed.

