McDonald *v.* Payne *et al.*

made upon it is not now, and has not been since it was made, open to collateral attack.

The judgment is affirmed, with costs.

Filed April 17, 1888.

———————◆———————

No. 13,145.

## McDONALD *v.* PAYNE ET AL.

HIGHWAY.—*Opening of.—Injunction.—Void Proceedings.*—Injunction will not lie to restrain the opening of a highway, unless the proceedings under which the road is about to be opened are so defective as to be void.

SAME.—*Description of Proposed Highway.*—The proceedings establishing a highway will be upheld as against a collateral attack, if the termini and intermediate course are so described therein, either by courses and distances, or by reference to known monuments or permanent objects, that a surveyor can locate the highway therefrom.

SAME.—*Presumption that Line Given is the Center.—Railroad Right of Way.*— The presumption that the line mentioned in giving the course of a proposed highway is to be the center thereof is overthrown if the description itself shows a contrary intent. So, if the line is described as running along the north line of a railroad, it will be assumed that the intention is that the whole width of the highway shall lie north of and adjoining the right of way, as the right of way of a railroad company can not be appropriated for highway purposes without its consent.

SAME.—*Immaterial Variance.*—The substitution in the viewer's report of "Bending's Crossing" as the point of commencement, instead of "Bendig's Crossing," as set forth in the petition, is an immaterial variance.

SAME.—*Railroad Line as Monument.*—The line of an established railroad may be referred to as a monument in the description of the course of a proposed highway.

From the Porter Circuit Court.

*H. A. Gillett,* for appellant.

*W. Johnston,* for appellees.

MITCHELL, C. J.—McDonald instituted proceedings against Payne and Greene, highway supervisor and township trustee, respectively, to restrain them from opening an alleged public highway through his land. The petition for the highway, and all the proceedings and orders in that connection, are set out with the complaint, to which the court below sustained a demurrer for want of sufficient facts. The only question presented by this appeal is, whether, upon the facts stated in the complaint, the opening of the highway should have been enjoined by the court.

The position of the appellant is, that the proceedings under which the highway was located are void from beginning to end for want of a sufficient description of the highway proposed in the petition, and other proceedings. This being a collateral attack, it must necessarily fail unless the petition and proceedings assailed are wholly void.

The accepted rule of decision of this court is, that an injunction in a case like the present will not lie unless the proceedings sought to be enjoined are so defective as to be a nullity. They must be totally void, or so defective as not to afford the means of information, to those interested, of the manner in which the opening of the highway on the route proposed would affect them. *McIntyre* v. *Marine*, 93 Ind. 193; *Erwin* v. *Fulk*, 94 Ind. 235; *Adams* v. *Harrington, ante*, p. 66, and cases cited.

As has been in effect said, the essential description of a public ·highway includes its beginning, course and termination, including its width. If in any of these particulars the description is so uncertain and ambiguous as that a practical surveyor could not locate the highway from the descriptions contained in the petition, report of viewers, and the final order of the board, then the entire proceeding is void, and it must necessarily fall to the ground. *Smith* v. *Weldon*, 73 Ind. 454; *Ruston* v. *Grimwood*, 30 Ind. 364.

Where, as in the present case, the attack is collateral, if the termini and intermediate course are designated and de-

McDonald *v.* Payne *et al.*

scribed, either by courses and distances or by reference to known monuments or permanent objects, so that, by taking the description as given in the proceedings all together, and giving all reasonable intendments in favor of the proceedings, the highway can be located from the description thus given, the order establishing it will be upheld. *Suits* v. *Murdock,* 63 Ind. 73.

We agree with the insistence of counsel that the appropriation of private property should not be accomplished by the use of uncertain or ambiguous language, and that the authority or act by which the lands of the citizen are appropriated to a public use should be clear and intelligible, and 'hat the instrument or proceedings by which they are taken should contain such a description that the property to be taken may be ascertained from the record. *Glover* v. *City of Boston,* 14 Gray, 282.

This certainty, however, is of the same nature as that required in a conveyance of land, which is such that a surveyor could go on the land and mark out the tract conveyed from the description and references contained in the deed. *Conaway* v. *Ascherman,* 94 Ind. 187 ; *Adams* v. *Harrington, supra ;* Mills Eminent Domain, section 115.

A deed will not be declared void for uncertainty as long as it is possible by any reasonable rules of construction to ascertain from the description found therein what property it was intended to convey. *Wendell* v. *Jackson,* 8 Wend. 183 ; *Stone* v. *Stone,* 116 Mass. 279.

It is not to be supposed that the petitioners for a highway must first have employed a surveyor, so that the proposed highway might be described in the petition with technical accuracy.

" The proceeding," says a standard author, " was intended to be practical, so that the common highways of the country might be established without the employment of a corps of scientific men for the purpose, but that the roads might be

established by ordinary practical business men." Mills Eminent Domain, section 277. *Henline* v. *People*, 81 Ill. 269.

The petition in the present case, so far as it relates to the description, is as follows: "Commencing at the road crossing over the Michigan Central Railroad known as Bendig's Crossing, in section 20, township 37 north, range 5 east, thence easterly and along the north line of said Michigan Central Railroad to the intersection of a road running north and south, and along the east side of the residence of H. R. McDonald; * * said proposed highway to be forty feet wide, and running through lands owned by Charles Brenner," etc.

Assuming, as in the absence of a contrary showing we may, that there is a highway running north and south and crossing the Michigan Central Railroad in the township above mentioned, and that this crossing is known as "Bendig's Crossing," and that there is another highway running north and south, crossing the railway in the same section as described in the petition, there would seem to be no serious difficulty in locating the termini and course of the highway proposed in the above petition.

It would seem to be reasonably certain that the proposed highway must necessarily commence at the east line of an existing highway, and on the north side of the right of way of the railroad at Bendig's Crossing, and that it would necessarily run easterly on the north side of, and adjacent to or adjoining, the right of way of the railroad until it intersected the highway next east in the same section on the east side of McDonald's house.

It is said that the line described as the beginning and course of the highway is to be deemed and taken as the center line thereof, and that, upon this assumption, the center of the highway proposed would run along the north line of the right of way of the railroad, thus laying one-half the width of the highway upon the right of way of the railway. If this were conceded, it would not necessarily render the description void, except, possibly, as against the railroad company, whose

McDonald *v.* Payne *et al.*

right of way could not, without its consent, be thus devoted to another and inconsistent public use. *Baltimore, etc., R. R. Co.* v. *North,* 103 Ind. 486.

Ordinarily, it is true, the line described or mentioned in giving the course of a public highway as the line along which the highway is to run is presumed to be the center line of the highway, but this presumption may be excluded by the very description itself in case that shows a contrary intent. *Falls* v. *Reis,* 74 Pa. St. 439.

If the line of a highway were described as running for a certain distance along the north bank of a river or stream, as in *Hays* v. *State,* 8 Ind. 425, there would be no presumption that one-half the road would be in the river or stream. Taking it as true that a public highway can not possibly be laid so that one-half of it would be upon the right of way of a railroad, we must assume that the intention was that the whole width of the road should lie north of and adjoining the right of way of the railroad company.

In the report of the viewers the highway was laid out and described substantially as in the petition, except that instead of " Bendig's Crossing," " Bending's Crossing" was substituted as the point of commencement. This is an immaterial variance. A surveyor seeking to locate a point would readily determine from the record in which the place in question was sometimes described as " Bendig's Crossing," and at others as " Bending's Crossing," that Bendig's Crossing was meant if there was, in fact, such a crossing at a place corresponding with that described in the petition. Parol evidence is admissible for the purpose of identifying monuments. *Hannon* v. *Hilliard,* 101 Ind. 310, 315.

There are other objections to the report, but they are not deemed to be of sufficient moment to justify a more particular statement. It is sufficient to say they are not well taken, and are all covered by the recent case of *Adams* v. *Harrington, supra,* and cases there cited.

Lastly, it is said that a boundary upon the right of way of

a railroad is no boundary at all, and hence, that if it be con- ceded that the highway in question was to run easterly along the north line of the Michigan Central Railroad, the description is wholly void and ineffectual. We do not concur in this view. There is no averment in the complaint that the line thus referred to is unknown or uncertain. There is no presumption that the lines of the right of way of a railroad which has been in use, as the court judicially knows, for nearly forty years, are not readily ascertainable. Ordinarily, the lines of a right of way of a railroad are as fixed and certain as are those of a public highway.

It is well settled that streets, highways and the like, as well as adjoining lots or farms, may be referred to as monuments in the description of a tract of land. *Simonton* v. *Thompson,* 55 Ind. 87; *Gove* v. *White,* 20 Wis. 425; *Dunham* v. *Williams,* 37 N. Y. 251; *Banks* v. *Ogden,* 2 Wall. 57; *Powers* v. *Jackson,* 50 Cal. 429. There was no error.

The judgment is affirmed, with costs.

Filed April 17, 1888.