# WILLIAM HENLINE *et al.*

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. JURISDICTION—*presumption as to that of county court over road matters.* The jurisdiction of the county courts over roads prior to the adoption of the present constitution was not inferior, but superior and exclusive, and all presumptions must be indulged in favor of their jurisdiction, in a collateral proceeding.

2. HIGHWAY—*presumption as to jurisdiction to establish.* An order of the county court establishing a road is *prima facie* sufficient to make the road legal and valid. Therefore, in the absence of proof to the contrary, it will be presumed that the court inquired into and ascertained all the facts necessary to confer jurisdiction, and that the petitioners were legal voters and resided within the statutory limits, and that the proper notice was given.

3 SAME—*of the petition.* Only reasonable certainty is required in a petition to the county court for the establishment of a road, as to beginning, line and termini of the proposed road. It is not necessary that the line and every point on the route be inserted in the petition.

4. SAME—*errors in proceedings not fatal, collaterally.* The oath of the viewers appointed to examine a proposed route for a road not being jurisdictional, the fact of its not being in the form prescribed, or a failure of the record to show any oath was taken, can not, in a collateral proceeding, be heard to affect the validity of the order for the road. The same may be said of any other errors not affecting the jurisdiction.

5. SAME—*appointment of viewers at succeeding term.* Where the county court has once acquired jurisdiction of a petition for establishing a road, a failure of the viewers appointed to report at the next term, will not divest the court of its power to appoint other viewers at a subsequent term, and to proceed and lay out the road. The court may continue the application from term to term until the road is either located or the petition rejected.

6. SAME—*obstructing.* On indictment for obstructing a public road, it is no defense that others have made similar obstructions on other points of the same road.

7. SAME—*limitation.* Where a party has obstructed a public road by placing gates across the same, for several years prior, and the road commissioners remove the same, and he again places them in the road, this will constitute a new offense, for which he may be convicted, and the limitation will run as to it only from the time the gates are again erected.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. ROWELL & HAMILTON, for the plaintiffs in error.

Mr. J. W. FIFER, State's Attorney, Messrs. McNULTA, ALDRICH & KERRICK, and Messrs. WILLIAMS, BURR & CAPEN, for the People.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an indictment against plaintiffs in error, for obstructing a highway. A trial was had in the court below, resulting in finding defendants guilty, and the rendition of a judgment imposing the penalty prescribed by the statute. The record is brought to this court, and numerous objections are urged against the regularity of the proceedings in the court below.

It appears that, in June, 1856, a petition was presented to the county court of McLean county, asking for the location and establishment of a new road between points named in the petition. It was signed by more than the requisite number of persons, and the court appointed three viewers, as required by the statute. They having failed to act, at the September term of the court, another viewer was appointed in the place of one of the others. At the December term, the viewers not having reported, a similar change was made in the viewers as that made at the September term. At the following March term, the viewers previously appointed were dispensed with, and another set of viewers appointed and ordered to report at that term, which they did, and their report was approved and the road ordered to be opened.

Soon after this order was made, travel commenced on the road, and continued up to the finding of this indictment. Work had been done on other portions, but not on the part claimed to have been obstructed by plaintiffs in error.

It appears that, in 1869, plaintiffs in error fenced their lands over which this road was located and traveled, and gates were placed in the fence where the road entered their lands, and travel by the public continued as before. In the winter the gates were generally down, but up and in use and kept closed during the summer, but travel passed through at all times.

In May, 1874, the highway commissioners removed the gates and opened the road, but in two or three days they were replaced. It was for this obstruction that the prosecution was commenced and the conviction had.

It is first insisted that the petition fails to show, or the order of the court to find, that the petitioners were legal voters, and that they resided within five miles of the proposed road, and, for the want of such facts appearing, the court failed to acquire jurisdiction of the subject matter or the persons of the owners of the lands over which the road was surveyed, and that the order for its establishment is void.

It is conceded that the order establishing the road is *prima facie* sufficient to make the road legal and valid. This being so, have plaintiffs in error overcome that presumption, and if so, how?

The third section of the act of February, 1847, Pub. Laws, p. 111, provides that the commissioners' court shall, when the petition is presented, inquire into the manner in which it was gotten up, if signed by persons through whose lands the road may pass, as far as practicable, and to require proof, and be satisfied that the notice required by law has been given, etc. Until rebutted, the presumption must be indulged that the commissioners' court inquired into and ascertained all the facts necessary to confer jurisdiction; that they heard proof that the petitioners were legal voters, and resided within the statutory limit of the road; that the proper notice had been given, and as to the manner in which the petition was gotten up by those presenting it. In a collateral proceeding, such must be held to be the effect of the order.

But in this case the order finds that the petition was "in conformity with law," which clearly implies that the court had heard satisfactory evidence that the petitioners were legally authorized to sign it.

At that time the county commissioners' court had the exclusive jurisdiction over roads, and it was a court of record, and all presumptions in favor of its jurisdiction, in such matters, must be indulged in collateral proceedings. This juris-

diction was not inferior, but it was superior and exclusive over that class of cases. Had it been an inferior jurisdiction, then every fact necessary to the jurisdiction would have been required to appear of record, and presumptions would not be indulged.

In this case there was no evidence to prove that the petitioners were not legal voters, or that they lived more than five miles from the line of the proposed road, even if such proof could be made, and until one or the other of these facts is legally shown, it must be presumed that they were competent, and legally qualified. There is, then, no force in this objection.

It is next urged that the petition is not sufficiently definite as to the points from which and to which the proposed road was to run, nor as to the line it was to pursue. All that can be required is, that the petition should be reasonably certain. It was not designed that the petitioners should have the proposed route surveyed, and that the line and every point on the route and at the ends of the road should be inserted in the petition. The proceeding was intended to be practical, so that the common highways of the country might be established without the employment of a corps of scientific men for the purpose, but that the roads might be established by ordinary, practical business men. Such being the true construction of the statute, we would not be warranted, after the public have been in the enjoyment of a public highway for almost a quarter of a century, to hold it invalid, on mere technicalities that are devoid of merit.

The road was established and used by the public when plaintiffs in error encroached upon it by fencing it in and partially excluding the public from its use, and having encroached thus far, they now complain of hardship, if not permitted to retain all they have usurped, and even question the right of the public altogether. Nor is it logical or sound in law, to urge that others had used gates across this same road, as a defense, by plaintiffs in error. If others have violated the law, that can never, in law, reason or morals, be held a justification for this

violation of law. If other gates were maintained across the road, at other places, it no doubt shows that the officers having charge of the roads had been remiss in their duty, in not prosecuting those thus obstructing the road, but it would be unheard of to hold that it would justify plaintiffs in error in the violation of a penal statute.

It is urged that the oath taken by the viewers was not in the form prescribed by the statute. If this be true, still it is in substance the same. But if it was not, it was not a jurisdictional fact, and could only have been an error which can not be urged in this collateral proceeding. Even if it had failed to appear that an oath was taken, that would not have deprived the court of its previously acquired jurisdiction. There is no force in this objection.

It is next urged that the county court had no power to appoint viewers after the term at which the petition was presented. The court acquired jurisdiction to proceed to locate and establish the road by force of the petition and notice, and the employment of viewers was only a means afforded by the law to accomplish the purpose. Having acquired jurisdiction, the court had power to continue the application from term to term, until the road was either established or the petition was rejected, and when thus commenced, all persons in interest were bound to know the various steps, as they were taken, until it came to a conclusion, and, having acquired jurisdiction, the court had the power to use all the means the statute had conferred, to accomplish the end sought. As a part of the means, the court was invested with power to appoint viewers to survey and locate the road. The statute is silent as to the time when the viewers shall be appointed, or as to the time when they shall report their action to the court.

If from any cause the court could not appoint viewers at the time at which the petition was filed, it could, no doubt, have appointed them at the next term; or, having appointed viewers, and they had refused to act, the court could, no doubt, at the next or a subsequent term, have appointed others that would act. Being clothed with the power, they must be held

to have been invested with the right to use the instrumentalities authorized by the law, in such manner as to enable them to discharge the duty imposed by law.

It would be an unreasonable construction of the statute, to hold that, because the viewers, from any cause, would not or could not act, the court lost all jurisdiction of the case, and that new proceedings should be commenced, thus creating delay, expense and public inconvenience. Such has not, as we believe, been the construction placed on the statute. We have no hesitation in saying that the court had power, when, from any cause, any or all of the viewers failed to act, to supply their place by the appointment of others who would act, and that their appointment, or acting or failing to act, was not jurisdictional, but simply the means of carrying out and accomplishing the purpose for which jurisdiction had been acquired.

The statute has not prescribed the time when the viewers shall make their report, hence it is not a question affecting the jurisdiction of the court. Whether or not it was error, does not matter in a collateral proceeding, as it can only be thus attacked for want of jurisdiction. But we have no doubt that the proceeding was regular in this respect.

It is urged that this prosecution was not brought within the time prescribed by the statute. The reply is, that the road commissioners removed the obstructions, and they were again placed in the road in a few days, and this constituted the offense for which the conviction was had, and there is no pretense that the prosecution was delayed, after this obstruction was placed in the road, until it was barred by the statute.

An attentive consideration of the entire record fails to disclose any error for which the judgment should be reversed, and it must be affirmed.

*Judgment affirmed.*