## YANKTON COUNTY V. KLEMISCH.

1. Under a statute giving interested land owners notice and opportunity to be heard in a proceeding to lay out a highway, both before the board of county commissioners and on appeal, where a collateral attack is made on the proceeding, the jurisdiction of the board to act is the only subject of inquiry.

2. Where the proceedings laying out a highway are collaterally assailed, a recital in the petition that the petitioners are freeholders, or reside in the immediate neighborhood, is sufficient, as against a contention that the findings of the commissioners do not show that fact, in the absence of anything to the contrary.

3. A description in the petition for a highway, using the expression, "thence northerly on or near the township line to the neighborhood of the quarter section corner between certain sections," is sufficiently definite to confer jurisdiction, as against a collateral attack by one who acquiesced for years in the existence of the road.

4. Under Comp. Laws Dak. T. § 1208. requiring the viewers in a highway proceeding to make a report "at the next ensuing session" of the county commissioners, a petition for a highway may be acted on at an adjourned meeting of the board.

(Opinion filed August 31, 1898.)

Appeal from circuit court, Yankton county, Hon. E. G. SMITH, Judge.

Suit by Yankton county against Anton Klemisch to restrain defendant from further obstructing or interfering with the removal of obstructions placed by him on a public highway From a decree in favor of plaintiff, defendant appeals. Af· firmed.

The facts are stated in the opinion.

*French & Orvis,* for appellant.

The complaint is insufficient upon which to base an order of injunction for the reason that the description of the alleged highway is too indefinite. The petition and notice for the location of the highway was also fatally defective in this particular. Our law is the same as that of Indiana, and the courts there hold that this is a fatal defect, and that the petition and notice are jurisdictional. Scraper v. Pipes, 59 Ind. 158; Donald v. Wilson, 59 Ind. 54; Hayes v. Campbell, 17 Ind. 430; Schute

v. Decker, 51 Ind. 241; Highes v. Sellers, 34 Ind. 337; Vawter
v. Gilliland, 55 Ind. 278; Farmer v. Pauley, 50 Ind. 583; De-
Long v. Schimmer, 38 Ind. 64; McIntyre v. Marine, 93 Ind.
193. It is also jurisdictional that there should be proof show-
ing where the notice was posted. People v. Highway Commis-
sioners, 14 Mich. 527; VanAuken v. Highway Commissioners,
27 Mich. 414; Dupont v. Highway Commissioners, 28 Mich. 362;
People v. Tiseman, 40 Mich. 175; Frizzell v. Rogers, 82 Ill. 110.

The court erred in making its decision in favor of plaintiff,
in that the report of the viewers is insufficient in that it does
not show that they laid out and marked a highway, or how
much land was taken and from whom. Hayes v. Sellers, 34
Ind. 337; Schute v. Decker, 51 Ind 241; Vawter v. Gilliland, 55
Ind. 278;

*Phil K. Faulk, (John Holman,* of counsel), for respondent.

While it is true that the Indiana law and that of this state
in relation to public highways are very similar yet all the decis-
ions cited by appellant were had in direct proceedings before
the board or in appeals from decisions of the board. In collat-
eral attacks a different rule prevails, and the objections sug-
gested by appellant are not fatal. Miller v. Porter, 71 Ind.
521; McIntyre v Marine, 93 Ind. 193: Adams v. Harrington, 14
N. E. 603; McDonald v. Payne, 16 N. E. 795; McClelland v.
Miller, 28, O. St. 488; Schmidt v. Wright, 88 Ind. 56.

The fact that the proceedings of the board were had at ad-
journed sessions does not render them invalid. Burkelo v.
Board, 38 N. W. 108; White v. Extemorry, 16 N. E. 481.

Appellant had ample and reasonable opportunity to re-
ceive compensation. The fact he did not avail himself thereof
does not render the proceedings invalid. Railroad v. Board,

7 Mrt. 78; Rixford v. Knight, 11 N. Y. 308; Taylor v. Merce, 13 Kan. 145; Copp v. Board, 25 Ill. 426; Richner v. Warner, 19 O. St. 173.

By placing obstructions in the highway appellant was guilty of committing and maintaining a public nuisance and injunction was the proper remedy. Township of Hutchinson v. Flick, 47 N. W. 252; Village of Pine City v. Murch, 44 N. W. 197; Appeal of North Manham, 14 At. 137; Board v. Railroad, 32 N. W. 91.

FULLER, J.   This appeal is from a decree entered in circuit court restraining defendant from further obstructing or interfering with the removal of obstructions placed by himself on a public highway described in an amended complaint, sufficient, we find, as against all objections now urged for the first time.   The record, so far as material, consists measurably of exhibits and files made a part of the court's findings of fact, showing statutory steps taken in the spring of 1879 for the location of a public highway, not on section lines, which extends diagonally across appellant's premises.   The necessity, utility, and continuous use of the road by the traveling public for more than 16 years, interrupted by appellant only since the year 1888, is unchallenged: but his counsel confidently maintain that the proceedings for laying out and establishing the highway are wholly void for uncertainty of description.   The petition to the board of county commissioners, which, under Section 1206, Comp. Laws, initiates such proceedings, contains the names of over 50 persons, stated therein to be "all the owners and occupants or agents of the land through which said proposed highway shall pass," together with the follow-

ing recital and description: "To the Board of County Commissioners of Yankton County: The undersigned freeholders of said county of Yankton, more than six of whom reside in the immediate neighborhood of the proposed road, respectfully petition your honorable body for the location of a highway, to be 66 feet wide, commencing at the township corner of townships 93 and 94 N., of range 55 and 56 W; thence northerly on or near the township line to the neighborhood of the quarter section corner between sections 13 and 18, township 94 N., of ranges 55 and 56; thence in a northwesterly direction to the bridge now built across Beaver creek; on or near section one, township No. 94 N., range 56 W.; thence in a northwesterly direction to what is known as the 'Ellerman Bridge' across James or Dakota river, in section 29, township 96 N., range 56 W., thence northeasterly to the north and south section line running through corner to sections 20, 21, 28 and 29, township 96 N., range 56 W., thence northerly on or near the north boundary of Yankton county." A notice of this application to the board of county commissioners, bearing date April 14, 1879 and containing substantially an identical description, with proof that the same had been served as required by statute, was presented with the petition, and the board thereupon, as required by statute, appointed as viewers three qualified persons, who, after taking the required oath, examined the route of the proposed highway, and returned a favorable report, describing the same by "metes and bounds and by course and distance," which appears to agree, in substance, with the description contained in the order of appointment and the notice and petition above mentioned. No objection being made or remonstrance filed, as provided for in section 1209, Comp.

Laws, a record of all the proceedings was made, and the highway, pursuant to the order of the board, was immediately opened, kept in repair, and constantly traveled by the public, without variance, other than that occasioned by appellant's plowing and fencing during and since the year 1888, of which respondent complains. In addition to such knowledge as the posted notice conveyed, appellant actually knew that the road was being located by the surveyors, and the court found: "That said road was traveled continually by the public from the time it was laid out and up to about the year 1888, with the full knowledge of the defendant, and with no objection on the part of defendant. That labor was performed on said road at various places along the line, and close up to the farm of defendant, and slightly on the land of said defendant. That said defendant performed labor on said road under the direction of the road supervisor of said county, and received receipt therefor from said county. * * That the defendant did not at any time after 1879, and prior to the acts charged in the complaint, intend to give the use of the road as surveyed across his lands in 1879 for a public highway. and did not at any time surrender permanently to the county or to the public any part of the land attempted to be appropriated by road proceedings and survey offered in evidence in this case on the part of the plaintiff."

Ruled by the elementary proposition that the *quasi* judicial action of a board having by force of statute and proper procedure acquired jurisdiction of the person and subject matter is not subject to collateral attack, we will proceed to examine certain irregularities which counsel for appellant at this late day deem fatal to the proceedings to locate the road in

question.    Under statutes like ours, giving interested landown-ers timely notice and ample opportunity to be heard both be-fore the board and on appeal, jurisdiction to act is the only proper subject of inquiry, when, as in this instance, a collater-al attack is made upon the proceedings establishing a highway which the public has enjoyed for many years.    Schmidt v. Wright, 88 Ind. 56; McIntyre v. Marine, 93 Ind. 193; McClel-land v. Milles, 28 Ohio St. 488.    We are directed by the argu-ment of counsel for appellant to the description of the road as found in the amended complaint, and which agrees substanti-ly with that contained in the notice, petition, order of appoint-ment, and report of viewers, as well as the order establishing the highway; all of which are included in the court's findings of fact, and which, it is contended, affirmatively show that such proceedings are absolutely void, for the reason that the board of county commissioners never acquired any jurisdiction. Concerning the point "that the record is absolutely silent, so far as any finding of the commissioners is concerned, as to whether the parties who signed the alleged petition for the highway in question were freeholders, or resided in the imme-diate neighborhood," it need only be suggested that the peti-tion so recites; and, in the absence of anything to the contrary, the fact would be presumed when questioned collaterally. Forsytne v. Kreuter, 100 Ind. 27.  It is further insisted that the expression, "thence northerly on or near the township line to the neighborhood of the quarter section corner," renders the petition insufficient to confer any jurisdiction upon the board of county commissioners; and as both parties agree that our statutory method of locating and establishing highways not on section or quarter section lines is practically the same

as that of Indiana, the decisions of that court are worthy of consideration. In sustaining, on appeal, a description no more definite and certain than the one here collaterally assailed, it was there held that "a description of a proposed highway which is sufficiently definite to enable a surveyor to locate the highway is all that the law requires." Clift v. Brown, 95 Ind. 53; Adams v. Harrington, (Ind. Sup.) 14 N. E. 603; Henline v. People, 81 Ill. 269. In State v. Northrop; 18 N. J. Law, 271, a petition for a road to commence "near to" a point designated, and to terminate "at or near" another designated point, was held sufficient on appeal; and our conclusion is that only such reasonable certainty of description is required as will apprise interested persons of what land will be affected, and enable a surveyor, with the assistance afforded by points definitely named, to accurately trace and designate the line of road proposed. No difficulty appears to have been experienced by the viewers or surveyors; and the description contained in the petition and notice, so far, at least, as the same related to appellant's premises, was entirely sufficient to enable him to know that his land would be affected by the proposed highway. As he did not appear at the proper time before the board, and object upon the grounds now urged, we are not called upon to determine whether the irregularities complained of would, in that event, defeat the action of the county board, and we go only to the extent of holding its procedings valid as against a collateral attack by one who, after many years of acquiescence, obstructs an established highway, to the great inconvenience of the traveling public. In the case of Miller v. Porter, 71 Ind. 521, the court holds: "That is certain which can be made certain. The county board having assumed jurisdiction with-

out objection, their procedure in ordering a highway located, however irregular, will be upheld against collateral attack. When a highway has been once opened and put into use, its existence or non existence cannot be questioned, in a prosecution for obstructing it, on account of any alleged irregularity of the supervisor in opening it." While, technically speaking, the description of the proposed road contained in the notice and petition may be in some particulars objectionable, the defects and omissions are not such as render the proceedings absolutely void. To adhere in this case to a contrary doctrine would be to ignore the distinction between direct and collateral attacks. There is no merit in the contention that the proceedings were null and void because, after due notice, the petition was presented and ac'ed upon at an adjourned meeting of the board. Burke Co. v. County Com'rs (Minn.) 38 N. W. 108; Inhabitants of Westport v. County Com'rs of Bristol, 9 Allen. 203. Every error assigned has received careful consideration. What we have said disposes of the case. The judgment appealed from is affirmed.