## WEILAND v. CITY OF ASHTON.

A judgment in condemnation proceedings is not void for want of jurisdiction, so as to be open to collateral attack, merely because the verdict assessing the damages was simply filed after the judgment in accordance therewith was entered and recorded, while Rev. Code Civ. Proc. § 875, provides that on return of the verdict the court shall order it to be recorded, and shall enter judgment thereon.

(Opinion filed Aug. 31, 1904.)

Appeal from circuit court, Spink county; Hon. J. H. Mc-Coy, Judge.

Action by Julius Weiland against the city of Ashton.  From an order for defendant, plaintiff appeals.    Affirmed.

*Sterling & Clark,* for appellant.

*D. W. Poindexter* and *A. W. Campbell,* for respondent.

FULLER, J. In this action to obtain a perpetual injunction, the trial court vacated and set aside a temporary restraining order by which respondent was prevented from grading and preparing for use a certain street extending across appellant's premises within the corporate limits of the city of Ashton. As a complete defense to the action, respondent introduced in evidence the files and judgment roll in a certain action or condemnation proceeding, instituted pursuant to statute on the 31st day of December, 1900, for the purpose of determining the amount of compensation to be paid for appellant's property thus taken for a public use.

Prior to recording the verdict and the entry of judgment, all steps were taken strictly in compliance with the statute, and the following allegations of the answer, under which respondent justified, are conceded to be true: "That on the 31st day of December, 1900, by resolution and order of the city council of the city of Ashton, defendant herein, upon a petition of its citizens as the law requires, and upon due notice of the presentation thereof and of the time of the final hearing, ordered on the same an extension of Main street from the then west end thereof westerly 80 rods over the land of C. H. Prior, and thence westerly over the land of this plaintiff 80 rods to the section line on the west side of said section 35, and running across the said west half of the northwest quarter of said section 35, being the land of this plaintiff. That afterwards this defendant filed in this court its petition to have the damages of this plaintiff occasioned by such extension of said Main street assessed by a jury. That said action came on for trial, and was tried in this court at the May term thereof, A. D. 1901, at which trial this plaintiff appeared in person and by his at-

torney and defended thereto. That the jury in said action found and assessed the damages of this plaintiff at the sum of $300. That on the 30th day of April, A. D. 1902, the judgment of this court on the said verdict of the jury in said action was filed and recorded in the office of the clerk of this court in and for Spink county. That on the 6th day of May, A. D. 1902, this defendant paid into this court for the use of this plaintiff the said sum of $300 for his damages as aforesaid assessed, and for which the judgment of this court was rendered."

While section 875, Rev. Code Civ. Proc., provides that "upon the return of the verdict the court shall order the same to be recorded, and shall enter such judgment thereon as the nature of the case may require," the verdict fixing the amount of appellant's compensation was not recorded, but the same contains the endorsement, "Filed May 15th, 1901, M. Moriarty, Clerk," and in accordance therewith judgment was entered and recorded April 30, 1902. At the time the above-mentioned verdict was returned, counsel for the city obtained a stay of all proceedings for the period of 60 days in order to settle a bill of exceptions and move for a new trial with reference to the assessment of appellant's damages in the sum of $300. That respondent, in attempting to prepare the street for use, is a trespasser, was the theory upon which the injunction was sought, and, omitting the caption, the order from which this appeal was taken is as follows: "Now, to-wit, on this 5th day of November, A. D. 1902, this action coming on for hearing before the court on the order of the court that defendant show cause why a permanent injunction should not issue against the said defendant as prayed for in plaintiff's complaint, and the said defendant

having filed his answer showing that a street had been laid by
defendant across the said land of said plaintiff, and that plain-
tiff's damages occasioned thereby had been assessed by a jury
in this court as the law requires, and a judgment of this court
rendered thereon for such damages and duly recorded in this
court, and that defendant had paid the money required by such
judgment to the clerk of this court for the use of the plaintiff,
and that defendant was not contemplating or threatening to do
any other work or act except to grade this street so located,
and nothing to the contrary appearing: It is hereby ordered
and decreed by the court that the restraining order granted by
the court in this action on the 20th day of October, A. D. 1902,
be and the same is hereby vacated and dissolved." There is
nothing in appellant's complaint in this action to indicate that
any proceedings were ever had pursuant to statute, or other-
wise, to extend the street or assess the damages occasioned
thereby, and the judgment awarding appellant compensation
therefor is considered by his counsel to be absolutely void for
want of jurisdiction, and subject to collateral attack. Where a
tribunal of general jurisdiction, duly invested with authority
to extend streets and alleys, has proceeded strictly in compli-
ance with the statute, and by the aid of a jury determined the
amount of compensation to be paid the owner of property
taken or damaged thereby, the objection that the verdict was
not recorded and the judgment entered forthwith are not juris-
dictional questions reviewable in a collateral proceeding. It is
well settled that objections not going to the jurisdiction will be
deemed waived unless properly made, and, where a party hav-
ing had his day in court remains absolutely silent, it would de-
stroy the line between direct and collateral attacks to consider

the nonessential defects here urged for the first time. Town of Wayne v. Caldwell, 1 S. D. 483, 47 N. W. 547, 36 Am. St. Rep. 750; Yankton County v Klemisch, 11 S. D. 170, 76 N. W. 312; Mach v. Blanchard, 15 S. D. 432, 90 N. W. 1042.

There is no merit in the contention that, by reason of the irregularities mentioned, the judgment recorded in the condemnation proceeding is absolutely null and void, and the order appealed from is affirmed.