JUCKETT v. FARGO MERCANTILE CO. *et al.* SAME v. FALL RIVER COUNTY *et al.* FARGO v. JUCKETT *et al.*

1. Under the express conditions of Rev. Code Civ. Proc. 1903, c. 14, where, in supplemental proceedings against a judgment debtor, it appears that he refuses to apply unexempt property to the satisfaction of the judgment, the appointment of a receiver of his property is authorized.

2. Where, in supplemental proceedings against a judgment debtor, there is a substantial compliance with the statutory requirements in appointing a receiver of the debtor's property, the appointment and the title of the receiver to the property are not thereafter subject to a collateral attack.

3. Where a mortgagee of land agreed to discharge the mortgage on payment within one year by the mortgagor of a sum less than the debt secured, but the mortgagor failed to carry out the agreement, a tender of the balance called for in the contract by a purchaser of the land at receiver's sale was of no effect.

4. A tender by a purchaser of land at receiver's sale to an assignee of a mortgage on the land amounted to a recognition of the assignee's ownership of the mortgage.

5. Where a husband and wife were the principal stockholders in a corporation, and the husband its president, treasurer and managing agent, a purchase by the corporation of a mortgage on land belonging to the wife did not extinguish the mortgage.

(Opinion filed February 21, 1905.)

Appeal from circuit court, Fall River county; Hon. LEVI McGEE, Judge.

Action by Elmer R. Juckett, as trustee, against the Fargo Mercantile Company and others, action by the same plaintiff against the county of Fall River and others, and action by Hattie M. Fargo against Elmer R. Juckett, as trustee, and others. The actions were consolidated; and from a judgment quieting title to certain land in Elmer R. Juckett, trustee, and from an order overruling a motion for a new trial, certain defendants appeal. Reversed.

See 18 S. D. 347, 100 N. W. 742.

*Wilson & Wilson* and *Charles W. Brown*, for appellants.

*Cleveland & Juckett* and *Chauncey L. Wood*, for respondents.

FULLER, J.   These three actions, involving the ownership of lot 3, block 8, in Petty's Addition to the city of Hot Springs, were consolidated at the trial; and this appeal is from the judgment quieting title in Elmer R. Juckett, trustee, and from an order overruling a motion for a new trial.

The facts, so far as pertinent to the assignments of error discussed in the brief of appellants' counsel, and relied upon for a reversal, may be stated thus: The Fargo Mercantile Company is a corporation, of which Charles G. and Hattie M. Fargo are directors and principal stockholders; the business being at all times transacted by Charles G. Fargo, its president, treasurer and managing agent. About the time this litigation

was commenced, respondent Juckett, as trustee, became the lawful assignee of a judgment for $703.95 duly entered against appellants Hattie M. and Charles G. Fargo on the 29th day of December, 1896, and which constituted a lien on the property in controversy, then owned by Hattie M. Fargo, subject to her mortgage, securing a note of $900, executed October 1, 1892, and subsequently assigned to the Howard National Bank of Burlington, Vt. On the 30th day of November, 1897, the bank above mentioned, being still the owner and holder of this note and mortgage, entered into a written contract with Charles G. Fargo and Hattie M. Fargo, the material provisions of which are as follows: "Now therefore it is hereby agreed by and between the parties hereto, that the first party will cancel said note for $900 together with the interest coupons upon same, and will satisfy said mortgage securing the same, one year from date of this agreement, in consideration of the second parties paying to the first parties the sum of $150 down, the receipt whereof is hereby acknowledged, and the further payment by said second parties, of the sum of $25.00 per month for twelve successive months to be paid on the first day of each month. It is further understood and agreed between the parties hereto that if at the end of one year from the date hereof, the said second parties have not paid to the first party or its agent, the sum of $450, then this agreement shall be null and void and of no effect, and that the amount paid by the second parties to the first party, or its agent, under this agreement, shall be credited upon said note and mortgage above described. And that the said first party shall have the right to foreclose said mortgage after crediting such amounts paid thereon by the second parties." Having for its basis the above-mentioned

judgment against Hattie M. and Charles G. Fargo, proceedings supplementary to execution were instituted on the 28th day of September, 1897, pursuant to chapter 14 of the Revised Code of Civil Procedure, and at the hearing the judge of the circuit court appointed Andrew J. Kellar receiver of all property of the judgment debtors not exempt from sale on execution. After duly qualifying and entering upon his duties as such receiver, and in accordance with an order of court made on the 23d day of May, 1899, the premises in dispute, together with certain other city lots, were sold by the receiver, subject to incumbrances thereon, at public auction, after publishing notice of such sale for three consecutive weeks immediately prior thereto in one of the Hot Springs newspapers, and, according to the report of the receiver, made in due form, the property was struck off and sold on the 17th day of June, 1899, to Elmer R. Juckett, trustee; he being the highest and best bidder therefor. The proceeds of the sale, amounting to $130.50, were applied in partial satisfaction of the judgment herein mentioned; the sale was confirmed by the court on the 18th day of September, 1899; and four days later a deed was executed by Andred J. Kellar, receiver, conveying to Elmer R. Juckett, trustee, all the estate, right, title, and interest of the judgment debtors in and to such premises. On the 11th day of November, 1898, Charles G. Fargo and Hattie M. Fargo having paid $225 on their contract with the Howard National Bank, leaving a balance then due thereon of $225, and no more, Andrew J. Kellar, as receiver, tendered such amount in full satisfaction of the mortgage, and demanded that the same be discharged of record; but such tender and demand were refused by the Howard National Bank unconditionally, and on the 11th day of No-

vember, 1899, Elmer R. Juckett, trustee, filed for record with
the register of deeds a notice of the pendency of this action.
After certain executions supplemented by contempt proceed-
ings against Hattie M. Fargo had been returned unsatisfied,
and the above mentioned tender to the bank had been made
and refused, the Fargo Mercantile Company, through its presi-
dent, treasurer, and managing agent, Charles G. Fargo, paid
the Howard National Bank $250 for the mortgage, the assign-
ment of which was taken in the name of the corporation, and
the court found that this was done for the purpose of prevent-
ing the premises from being subjected to the satisfaction of the
Fargo judgment.    Thereupon respondent Juckett, trustee, ten-
dered such corporation $300, to be applied in full satisfaction
of the mortgage, and demanded that the same be discharged of
record, but this tender was refused on the ground that the
amount was insufficient.    On the 11th day of November, 1899,
the Fargo Mercantile Company foreclosed the mortgage by ad-
vertisement, and bid in the premises for $800, and on the 26th
day of November, 1900, took a sheriff's deed conveying the
premises to itself.    Therefore the appealing corporation re-
lies upon a sheriff's deed executed and recorded since these ac-
tions involving the property were commenced, while respond-
ents' claim of ownership is founded on the receiver's deed exe-
cuted September 22, 1899, and duly recorded in the office of the
register of deeds.    Additional facts essential to a proper under-
standing of the case may as well be stated in connection with
the questions of law discussed in the brief of counsel for ap-
pellants, the first of which is that "the order appointing the
receiver is void for the want of jurisdiction. "

As previously stated, and as shown by the record, an exe-

cution upon the judgment against Charles G. Fargo and Hattie M. Fargo, regularly issued on the 3d day of July, 1897, was by the sheriff returned unsatisfied September 27, 1897, and on the following day the court issued its order in supplemental proceedings requiring the judgment debtors to appear and answer concerning their property.  At the conclusion of the hearing on the order to show cause, and upon the apparently unjust refusal of Hattie M. Fargo to apply her unexempt property to the satisfaction of the judgment, the court made the order on the 24th day of January, 1898, appointing Andrew J. Kellar receiver of the real estate in dispute, and all other property of the judgment debtors not exempt from execution and sale.  This order appointing a receiver with power to sell the property to satisfy the judgment was duly filed and recorded in the clerk's office on the 14th day of February, immediately following, and two days later the receiver duly qualified and entered upon his duties.

Having actual notice and an opportunity to be heard at every stage of the proceedings in aid of an execution, Charles G. and Hattie M. Fargo have no just cause to complain of the receivership.  Upon the facts disclosed by the record, the appointment of a receiver is plainly authorized by chapter 14 of the Revised Code of Civil Procedure.

There being a substantial compliance with the statutory provision requiring a certified copy of the order appointing a receiver to be filed and recorded in the office of the register of deeds, there is no merit in the contention that the receiver never acquired any interest in the property, and that the sale, for that reason, is void on jurisdictional grounds.  "When a court of equity acquires jurisdiction of the parties and of the subject-

matter in a cause, and appoints a receiver therein, and orders him to sell the property in controversy, such order, although irregular and improvident, cannot be assailed or questioned in a collateral action, and such an action will not lie to set aside the order of sale and proceedings thereunder. The appropriate method of correcting such irregularities is by motion to the court making the order, and an independent action for that purpose will not be entertained." High on Receivers, § 196. As all parties appeared personally and by attorney at every stage of the proceedings before a court of competent jurisdiction, and no appeal therefrom was ever taken, irregularities as to notice of sale and the confirmation thereof are not subject to this collateral attack. Weiland v. City of Ashton, 18 S. D. 331, 100 N. W. 737.

While the tender of $225 made by Andrew J. Kellar, as receiver, to the Howard National Bank, was wholly insufficient and of no effect, because there was no privity between such parties, and the right to foreclose the mortgage for a sum greatly in excess of that amount had already accrued, according to the express terms of the written contract, with which the Fargos had failed to comply by paying $25 monthly, the assignment of the mortgage to the Fargo Mercantile Company operated to extinguish the lien only in the event that such corporation stands in the shoes of the mortgagors, Charles G. and Hattie M. Fargo, with reference to the mortgaged premises and the payment of certain taxes thereon. Without an intimation as to the purpose for which the Fargo Mercantile Company was organized, or that the purchase of mortgages is beyond the scope of its corporate authority, counsel for respondent contends that the assignment of this mortgage, which

constituted a paramount lien upon the land of one of the stockholders, is fraudulent and void because the same was procured and foreclosed by the corporation to defeat the receiver's sale made subject thereto. Though ineffectual because much less than the amount actually due and collectible, respondent's tender to the Fargo Mercantile Company of $300 in full satisfaction of the mortgage was a sufficient recognition of its ownership of that instrument, and his right to redeem from the foreclosure sale was not impaired by the assignment of the bank to such corporation. Charles G. Fargo testified, without contradiction, that the corporation purchased the mortgage merely as an investment, without any thought of assisting the mortgagors in avoiding the payment of respondent's judgment, and the record affirmatively shows that he was in no manner injured by the transaction. Now, this artificial being, composed of a collection of individuals, denominated "The Fargo Mercantile Company," is given certain privileges, immunities, and powers which in no manner belong to the natural persons composing such corporation, and no transaction within the limits established by law can be attributed to stockholders. In order to sustain the action of the trial court, it is necessary to go to the extent of holding that the mortgagors, judgment debtors, and corporation are identical, and that by the assignment to the Fargo Mercantile Company the whole title—equitable as well as legal—merged in Charles G. and Hattie M. Fargo, whose ownership was divested by the receiver's sale to Elmer R. Juckett, trustee. Were it to be assumed that the Fargos hold all the corporate shares, instead of being the principal stockholders, as alleged in the complaint, it might still be inequitable and ruinous to the good faith creditors of

the Fargo Mercantile Company to apply corporate assets to to the satisfaction of the personal debts of individual stockholders. It follows, as a matter of law, that the purchase of the mortgage by the corporation was not the act of the mortgagors and judgment debtors, and the property acquired by the foreclosure did not inure to the benefit of respondent, who purchased subject to such incumbrance at the receiver's sale.

The judgment appealed from is reversed, and a new trial ordered.